IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALVIN D. SHEPHERD,              )
                                )
                Plaintiff,      )
                                )
vs.                             )        Case No. 08-1075-MLB
                                )
MICHAEL J. ASTRUE,              )
Commissioner of                 )
Social Security,                )
                                )
                Defendant.      )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a quantitative
exercise, for evidence is not substantial if it is overwhelmed by
other evidence or if it really constitutes mere conclusion.  <u>Ray
v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court
is not to reweigh the evidence, the findings of the Commissioner
will not be mechanically accepted.  Nor will the findings be
affirmed by isolating facts and labeling them substantial
evidence, as the court must scrutinize the entire record in
determining whether the Commissioner's conclusions are rational.
<u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The
court should examine the record as a whole, including whatever in
the record fairly detracts from the weight of the Commissioner's
decision and, on that basis, determine if the substantiality of
the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be
determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment expected
to result in death or last for a continuous period of twelve
months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth
and final step requires the agency to consider vocational factors
(the claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993).
At step five, the burden shifts to the Commissioner to show that
the claimant can perform other work that exists in the national
economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987
F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this
burden if the decision is supported by substantial evidence.
Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On December 27, 2006, administrative law judge (ALJ) Guy E.
Taylor issued his decision (R. at 13-21).  Plaintiff alleges
disability beginning July 19, 2004 (R. at 14).  Plaintiff is
insured for disability insurance benefits through the date of the
decision (R. at 14, 20).  At step one, the ALJ found that

4

plaintiff did not engage in substantial gainful activity since
July 19, 2004, the alleged onset date (R. at 14).  At step two,
the ALJ found that plaintiff had the following severe
impairments: degenerative disc disease and left knee sprain (R.
at 15).  At step three, the ALJ determined that plaintiff's
impairments do not meet or equal a listed impairment (R. at 15).
After determining plaintiff's RFC (R. at 18, 21), the ALJ found
at step four that plaintiff is unable to perform past relevant
work (R. at 19).  At step five, the ALJ found that plaintiff can
perform other jobs that exist in significant numbers in the
national economy (R. at 20).  Therefore, the ALJ concluded that
plaintiff was not disabled (R. at 20).

**III.  Did the ALJ err by failing to discuss medical opinion
evidence and by failing to explain his RFC findings?**

Plaintiff alleges error by the ALJ for failing to discuss or
evaluate the opinions of Dr. Dickson, a treating physician, who
offered opinions regarding plaintiff's physical limitations.
Plaintiff also alleges error by the ALJ for failing to properly
consider all of the medical records and opinions of Dr. Lane
(Doc. 7 at 9-13).  The ALJ decision makes no mention of the
opinions of Dr. Dickson.

An ALJ must evaluate every medical opinion in the record.
Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  In the
determination of issues reserved to the Commissioner, such as

opinions regarding: whether an impairment meets or equals a listing, plaintiff's RFC, whether a plaintiff can do past relevant work, how age, education, and work experience apply, and whether a plaintiff is disabled, treating source opinions are not entitled to special significance or controlling weight. Soc. Sec. Rul. 96-5p, (Medical Source Opinions on Issues Reserved to the Commissioner), 1996 WL 374183, at *2. However, even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

Plaintiff also alleges that the ALJ failed to provide a narrative discussion setting forth the basis for his RFC findings (Doc. 7 at 13-15). The ALJ, in his decision, did not provide a narrative discussion describing how the evidence supported his RFC findings. According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC

assessment conflicts with an opinion from a medical source, the
ALJ must explain why the opinion was not adopted.  SSR 96-8p,
1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20
C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9,
110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v.
Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ
fails to provide a narrative discussion describing how the
evidence supports each conclusion, citing to specific medical
facts and nonmedical evidence, the court will conclude that his
RFC conclusions are not supported by substantial evidence.  See
Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July
28, 2003).  The ALJ's decision must be sufficiently articulated
so that it is capable of meaningful review; the ALJ is charged
with carefully considering all of the relevant evidence and
linking his findings to specific evidence.  Spicer v. Barnhart,
64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is
insufficient for the ALJ to only generally discuss the evidence,
but fail to relate that evidence to his conclusions.  Cruse v.
U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th
Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p
because he has not linked his RFC determination with specific
evidence in the record, the court cannot adequately assess
whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.

<u>Brown v. Commissioner of the Social Security Administration</u>, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The question for the court is whether the failure by the ALJ
to discuss the opinions of Dr. Dickson, to consider all of the
medical records and opinions by Dr. Lane, and to explain the
basis for his RFC findings, as required by SSR 96-8p, warrants
that the decision of the ALJ be reversed, and remanded for
further hearing.  In making that determination, the court will
first set out the RFC findings made by the ALJ.  The ALJ found
that plaintiff is limited to sedentary work (R. at 21), lifting
and carrying, at most, 10 pounds (R. at 481).  The ALJ also found
that plaintiff cannot kneel, crouch, crawl, or use ladders;
plaintiff can only occasionally climb stairs, balance and stoop.
Plaintiff should also avoid exposure to heat, cold and humidity.
Plaintiff must have a sit/stand option and is limited to
performing simple, repetitive tasks (R. at 21).  The ALJ
elaborated at the hearing in his hypothetical question to the
vocational expert when he stated that plaintiff would need to
have a sit/stand option where he could stand, walk or sit "at
will" (R. at 482).  The ALJ also included in his hypothetical
question that plaintiff had an "unlimited ability to push and
pull, however, with their extremities" (R. at 481).

Second, the court has carefully reviewed the medical records
cited by the plaintiff, including exertional limitations given by

Dr. Lane, Dr. Dickson, Dr. Orgel, Dr. Bratman, P.A. (Physician's assistant) Robinson, and P.A. Little.   These medical providers indicated that plaintiff's ability to lift between July 2004 and April 2005 varied from 10 to 25 pounds, and that plaintiff's ability to push/pull varied from 10 to 50 pounds (R. at 188, 197, 237, 242, 248, 251, 258, 260, 268, 270, 276, 278, 302, 332, 344, 354-376).   The ALJ's RFC findings adopted the most restrictive lifting limitations provided by treatment providers.   In the absence of any contradictory medical evidence, the court finds that the ALJ's RFC finding regarding plaintiff's limitations on lifting and/or carrying is supported by substantial evidence. See Howard v. Barnhart, 379 F.3d 945, 947-948 (10th Cir. 2004).

Dr. Dickson also noted the need for plaintiff to alternate sit-stand (R. at 332), and Dr. Orgel noted that plaintiff would need sit down work with "frequent change in position" (R. at 351).   Plaintiff argues that the ALJ failed to be specific as to the plaintiff's need to alternate sitting and standing.   The need for such specificity is set forth in Fairbanks v. Astrue, 2007 WL 2176029 at *3, Case No. 06-1206-MLB (D. Kan. June 12, 2007; report and recommendation (Doc. 16) at 6-9).   In his decision, the ALJ included only a general sit/stand option in his RFC findings, without indicating how often plaintiff would need to alternate positions (R. at 18, 21).   However, in his hypothetical question to the vocational expert, the ALJ stated that plaintiff

would need a sit/stand option where plaintiff could, "at will," either stand and walk or sit (R. at 482). The "at will" limitation clearly provides the requisite specificity. Forbes v. Barnhart, 2006 WL 4050969 at *8 n.3, Case No. 05-1284-MLB (D. Kan. May 25, 2006; report and recommendation (Doc. 10) at 20-21 n.3).

In his decision, the ALJ did not include in plaintiff's RFC any limitation regarding plaintiff's ability to push and/or pull with his extremities. However, the ALJ, in his hypothetical question to the vocational expert (VE), specifically stated that plaintiff "would have unlimited ability to push and pull, however, with their extremities" (R. at 481). Based on the hypothetical question, which included the above information, the VE opined that plaintiff could perform three jobs (R. at 482). The ALJ adopted this opinion by the VE and found in his decision that plaintiff could perform these 3 jobs, and that a significant number of these jobs existed in the regional and national economies (R. at 20).

The ALJ offered no explanation for finding that plaintiff had an unlimited ability to push and pull with his extremities. Dr. Lane indicated that plaintiff's ability to push/pull ranged from 15-20 pounds (R. at 188, 197, 237, 242, 248, 251, 258, 260, 268, 270, 276, 278). Other physicians and physician assistants indicated that plaintiff's ability to push/pull ranged from 10 to

50 pounds (R. at 302, 344, 354-376).  The physical RFC assessment prepared by Dr. Kim, based on his review of the records, found that plaintiff's ability to push and/or pull was limited to the same extent as shown for lifting and/or carrying, i.e., 15 pounds occasionally and 10 pounds frequently (R. at 385).  Dr. Kim indicated he gave "significant weight" to the opinion of Dr. Lane that plaintiff is limited to no pushing or pulling over 15 pounds (R. at 393).  The ALJ failed to discuss and indicate what weight, if any, should be accorded to the medical evidence pertaining to plaintiff's ability to push and/or pull.  Furthermore, no medical evidence in the record supports the ALJ's assertion that plaintiff has an unlimited ability to push and pull.

Although an ALJ is not required to discuss every piece of evidence, the ALJ, in addition to discussing the evidence supporting his decision, must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.  Seever v. Barnhart, 188 Fed. Appx. 747, 751-752 (10th Cir. July 12, 2006); Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  The ALJ clearly erred by failing to discuss the medical opinion evidence that plaintiff has limitations in his ability to push and/or pull.  This error was compounded by the ALJ's failure to provide a narrative discussion setting forth the basis for his RFC findings, including his finding that plaintiff has an unlimited ability to

11

push and/or pull.  Therefore, this case should be remanded in order for the ALJ to consider the medical opinion evidence that plaintiff has limitations in his ability to push and/or pull and to provide the narrative discussion setting forth the basis for his RFC findings as required by SSR 96-8p.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on December 5, 2008.


                              s/Donald W. Bostwick
                              DONALD W. BOSTWICK
                              United States Magistrate Judge