IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
ALVIN D. SHEPHERD,            )
                              )
              Plaintiff,      )    CIVIL ACTION
                              )
v.                            )    No.  08-1075-MLB
                              )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,           )
                              )
              Defendant.      )
_____)
```

**MEMORANDUM AND ORDER**

**1.   INTRODUCTION**

Before the court are the following:

(1) United States Magistrate Judge Donald W. Bostwick's Recommendation and Report (Doc. 11);

(2) Defendant's objections (Doc. 12); and

(3) Plaintiff's response (Doc. 13).

Magistrate Judge Bostwicks's December 5, 2008, Recommendation and Report recommends that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g). Defendant objects to Magistrate Bostwick's determination that the ALJ failed to adequately consider the opinions of Dr. Lane and Dr. Dickson. (Doc. 13 at 11-13). After reviewing the appropriate portions of the administrative record as well as the briefs submitted to Magistrate Judge Reid, the court adopts the Recommendation and Report. The decision of the Commissioner is reversed and remanded.

**II.  STANDARDS OF REVIEW**

The standards this court must employ upon review of defendant's

objection to the Recommendation and Report are clear. <u>See generally</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions of the Recommendation and Report defendant specifically identified as objectionable will be reviewed.  <u>See</u> <u>Gettings v. McKune</u>, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is <u>de novo</u>.  Thus, the Recommendation and Report is given no presumptive weight.  <u>See</u> <u>Griego v. Padilla</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).

The ALJ's decision is binding on the court if supported by substantial evidence.  <u>See</u> 42 U.S.C. § 405(g); <u>Dixon v. Heckler</u>, 811 F.2d 506, 508 (10th Cir. 1987).  The court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards.  <u>See</u> <u>Castellano v. Sec'y of Health and Human Servs.</u>, 26 F.3d 1027, 1028 (10th Cir. 1994).  While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938) (interpreting "substantial evidence" as found in the original form of section 10(e) of the NLRA)).  "Evidence is not substantial 'if it is overwhelmed by other evidence–particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion.'"  <u>Knipe v. Heckler</u>, 755 F.2d 141, 145 (10th Cir. 1985) (quoting <u>Kent v. Schweiker</u>, 710 F.2d 110, 114 (3d Cir. 1983)).

**III. ANALYSIS**

Plaintiff seeks disability insurance benefits and supplemental

security income payments and thus bears the burden of proving a disability within the meaning of the Social Security Act. See Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006). The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A) (2000). The Act further provides that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A) (2000).

To determine whether plaintiff is disabled, the Commissioner applies a five-step sequential evaluation: (1) whether plaintiff is currently engaged in substantial gainful activity, (2) whether he suffers from a severe impairment or combination of impairments, (3) whether the impairment is equivalent to a listed impairment (4) whether plaintiff's RFC prevents him from continuing past relevant work, and (5) whether plaintiff has the RFC to perform other work. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). "If a determination can be made at any of the steps that claimant is or is not disabled, evaluation under a subsequent step is not necessary." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

Magistrate Judge Bostwick determined that the ALJ failed at step four because he did not consider the medical opinions when determining plaintiff's RFC. Defendant asserts that the ALJ's treatment of the evidence does not rise to the level of legal error and that the

-3-

opinion does not detract from the substantial evidence supporting the ALJ's decision. (Doc. 12 at 2).

### Step Four

Defendant objects to Magistrate Bostwick's determination that the ALJ erred in determining plaintiff's RFC. Plaintiff's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." See S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996). In determining plaintiff's RFC, the ALJ must identify plaintiff's functional limitations and then assess his work-related abilities on a function-by-function basis. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. at *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id.

The ALJ determined that plaintiff has the residual functional capacity for performing work at a sedentary exertional level. (R. at 18). The ALJ also found that plaintiff cannot kneel, crouch, crawl, or use ladders; plaintiff can only occasionally climb stairs, balance and stoop. (R. at 21). The ALJ failed to provide a narrative discussion describing how the evidence supported his RFC findings as required by SSR 96-8p. Moreover, the ALJ did not link his RFC determination with evidence from the record.

Defendant specifically objects to the magistrate's finding that the ALJ did not consider the medical records in determining

-4-

plaintiff's ability to push/pull. (Doc. 11 at 10-12). The record shows that medical providers indicated plaintiff's ability to push/pull ranged from 15-20 pounds. (R. at 188, 197, 242, 248, 251, 258, 260, 268, 270, 276, 278). The RFC does not set forth plaintiff's ability to push/pull. In questioning the vocational expert, the ALJ stated that plaintiff "would have unlimited ability to push and pull, however, with [plaintiff's] extremities." (R. at 481). Defendant concedes that there is no support in the record for an unlimited ability to push/pull. However, defendant asserts that the term unlimited does not mean that plaintiff would not have push/pull limitations. Rather, unlimited means that plaintiff would have the same limitations as his lift and/or carry limitations. Defendant cites to the RFC assessment form as support for this proposition.

The RFC assessment form sets forth limitations for lift and/or carry, stand and/or walk, sit and push and/or pull. (R. at 385). Under the selections for push and/or pull, there are three options. The first option is that the ability is "unlimited, other than as shown for lift and/or carry." (R. at 385). Therefore, defendant asserts the term unlimited means, "unlimited, other than as shown for lift and/or carry." While the ALJ may have been using the term in accordance with the RFC assessment form, the record does not demonstrate as such. The ALJ said that plaintiff's ability was unlimited. There is no authority for the conclusion that the term unlimited has a different definition than its usual meaning. Moreover, the RFC assessment form does not state that the definition of unlimited is "other than as shown for lift and/or carry." Rather, the option to select is "unlimited, other than as shown for lift

-5-

and/or carry."  There is quite a difference.  The court has no means to identify the ALJ's conclusion regarding plaintiff's push/pull limitation.

The court finds that in determining plaintiff's RFC, the ALJ failed to discuss the medical opinions of providers as required by S.S.R. 96-5p, 1996 WL 374183 at *2-3, and failed to provide a narrative discussion describing how the evidence supports each conclusion as required by S.S.R. 96-8p, 1996 WL 374184, at *7.

### III. CONCLUSION

The court adopts the Recommendation and Report for the reasons set forth therein.  The case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to address the magistrate judge's and this court's concerns expressed herein.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three

pages.  No reply shall be filed.


        IT IS SO ORDERED.

        Dated this   19th   day of February 2009, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE